Charles N. HENRY, III,
Plaintiff–Appellant,

v.

Bruce BRONSTEIN; Aaron Whitaker,
Defendants–Appellees.

No. 03–1121.

United States Court of Appeals,
Fourth Circuit.

Submitted April 30, 2003.

Decided May 27, 2003.

Charles N. Henry, III, Appellant pro se.
Robert William Metzler, Gilbert Steven
Rothenberg, United States Department Of
Justice, Washington, D.C., for Appellees.

Before MOTZ, TRAXLER, and
GREGORY, Circuit Judges.

Dismissed in part and affirmed in part
by unpublished PER CURIAM opinion.

**OPINION**

PER CURIAM.

Charles N. Henry, III, appeals from the
district court's orders: (1) dismissing his
action against two Internal Revenue Ser-
vice agents; (2) denying his motion for
reconsideration; and (3) denying a second
post-judgment motion requesting the dis-
trict court to issue findings of fact and
conclusions of law. We dismiss the appeal
as to the first two orders; with respect to
the third order, we affirm.

■ When the United States or its offi-
cer or agency is a party, the notice of
appeal must be filed no more than sixty
days after the entry of the district court's
final judgment or order, Fed. R.App. P.
4(a)(1)(B), unless the district court extends
the appeal period under Fed. R.App. P.
4(a)(5) or reopens the appeal period under
Fed. R.App. P. 4(a)(6). This appeal period
is "mandatory and jurisdictional." *Brow-
der v. Director, Dep't of Corrections*, 434
U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521
(1978) (quoting *United States v. Robinson*,
361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d
259 (1960)).

A timely motion for reconsideration un-
der Fed.R.Civ.P. 59 tolls the notice of ap-
peal period. Fed. R.App. P. 4(a)(1)(B).
Here, the district court entered judgment
on September 13, 2002. Henry's motion
for reconsideration was timely filed on
September 23, 2002; thus, the appeal peri-
od did not begin to run until the district
court denied the motion for reconsidera-
tion on October 1, 2002. The sixty-day
appeal period expired on November 30,
2002. Notwithstanding Henry's second
post-judgment motion, his notice of appeal
filed on January 9, 2003, was untimely as
to the September 13, 2002, judgment and
the October 1, 2002, order denying his
motion for reconsideration. *See Kraft,
Inc. v. United States*, 85 F.3d 602, 605
(Fed.Cir.) (holding that, following initial
Fed.R.Civ.P. 59 motion tolling appeal peri-
od, successive motions periods are not per-
mitted), *modified on other grounds*, 96
F.3d 1428 (Fed.Cir.1996); *accord EEOC v.
Cent. Motor Lines, Inc.*, 537 F.2d 1162,
1165 (4th Cir.1976). Accordingly, we dis-
miss the appeal as to those orders.

■ Henry also appeals the district
court's November 19, 2002, order denying
his motion requesting that the court enter
findings of fact and conclusions of law.
Findings of fact and conclusions of law are
only required where there is a bench trial.
*See* Fed.R.Civ.P. 52(a). Here, the court
dismissed the complaint because it failed
to state a claim upon which relief could be
granted. We find no error in the district
court's order and therefore affirm.

We dispense with oral argument because the facts and legal contentions are adequately before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*